

LODGED
CLERK, U.S. DISTRICT COURT

**3/17/2025**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ MMC _____ DEPUTY

**F I L E D**
CLERK, U.S. DISTRICT COURT

**3/17/2025**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ ts _____ DEPUTY

1  JOSEPH T. MCNALLY
   Acting United States Attorney
2  LINDSEY GREER DOTSON
   Assistant United States Attorney
3  Chief, Criminal Division
   KEVIN J. BUTLER (Cal. Bar No. 329129)
4  JENA A. MACCABE (Cal. Bar No. 316637)
   Assistant United States Attorneys
5  Violent and Organized Crime Section
       1300 United States Courthouse
6      312 North Spring Street
       Los Angeles, California 90012
7      Telephone: (213) 894-6495/5046
       Facsimile: (213) 894-0141
8      E-mail:    kevin.butler2@usdoj.gov
                  jena.maccabe@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

11             UNITED STATES DISTRICT COURT

12          FOR THE CENTRAL DISTRICT OF CALIFORNIA

13 UNITED STATES OF AMERICA,          No. 2:25-MJ-01494-DUTY-1

14          Plaintiff,                GOVERNMENT'S NOTICE OF REQUEST FOR
                                      DETENTION
15          v.

16 EUGENE HENLEY, JR.,
      aka "Big U,"
17    aka "Unc,"
      aka "Draws,"
18    aka "Hannibal,"
      aka "Hannibal Muhammad,"
19    aka "Anybody Killa,"
      aka "Dave Austin,"
20
            Defendant.
21

22      Plaintiff, United States of America, by and through its counsel

23 of record, hereby requests detention of defendant and gives notice of

24 the following material factors:

25 ☐  1.    Temporary 10-day Detention Requested (§ 3142(d)) on the

26          following grounds:

27

28

☐     a.     present offense committed while defendant was on release pending (felony trial),

☐     b.     defendant is an alien not lawfully admitted for permanent residence; and

☐     c.     defendant may flee; or

☐     d.     pose a danger to another or the community.

☒    2.     Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure:

     ☒     a.     the appearance of the defendant as required;

     ☒     b.     safety of any other person and the community.

☐    3.     Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)):

     ☐     a.     defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community;

     ☐     b.     defendant cannot establish by clear and convincing evidence that he/she will not flee.

☐    4.     Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)):

     ☐     a.     Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

2

☐    b.    offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk);

☐    c.    offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

☐    d.    defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

☒    5.    Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

☒    a.    a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

☒    b.    an offense for which maximum sentence is life imprisonment or death;

☐  c.  Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

☐  d.  any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c if federal jurisdiction were present, or a combination or such offenses;

☒  e.  any felony not otherwise a crime of violence that involves a minor victim or the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921), or any other dangerous weapon, or involves a failure to register under 18 U.S.C. § 2250;

☒  f.  serious risk defendant will flee;

☒  g.  serious risk defendant will (obstruct or attempt to obstruct justice) or (threaten, injure, or intimidate prospective witness or juror, or attempt to do so).

☐  6.  Government requests continuance of _____ days for detention hearing under § 3142(f) and based upon the following reason(s):

_____

_____

_____

_____

//
//
//
//
//

☐   7.   Good cause for continuance in excess of three days exists in
that:

_____

_____

_____

_____

Dated: March 17, 2025          Respectfully submitted,

                               JOSEPH T. MCNALLY
                               Acting United States Attorney

                               LINDSEY GREER DOTSON
                               Assistant United States Attorney
                               Chief, Criminal Division


                                  /s/
                               _____
                               KEVIN J. BUTLER
                               JENA A. MACCABE
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA