Craig A. Harbaugh (Cal Bar No. 194309)
Harbaugh Law, P.C.
360 E. 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (213) 986-8656
Email: craig@harbaugh.law

Peter Johnson (Cal Bar No. 252542)
Peter Johnson Law, P.C.
407 N. Pacific Coast Hwy, 651
Redondo Beach, California 90277
Telephone: (310) 295-1785
Facsimile: (213) 319-2907
Email: peter@peterjohnsonlaw.com

Attorneys for Defendant
Eugene Henley

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00211-FLA-1 |
| Plaintiff, | |
| v. | **DEFENDANT EUGENE HENLEY'S NOTICE OF MOTION AND MOTION TO STRIKE PREJUDICIAL SURPLUSAGE FROM THE INDICTMENT; MEMORANDUM OF POINTS AND AUTHORITIES** |
| EUGENE HENLEY | |
| Defendant | |

**Hearing Date: Friday, March 13**
**Time: 1:30 p.m.**
**Location: Courtroom 6B, 6th Floor**
**The Honorable Fernando L. Aenlle-Rocha**

TO THE UNITED STATES AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 13, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6B, 6th Floor of the above-entitled Court, located at 350 W 1st Street, Los Angeles, CA 90012-4565, Defendant Eugene Henley, Jr., by and through his counsel of record, Craig A. Harbaugh and Peter Johnson, will and hereby does move the Court for an order striking certain prejudicial surplusage from the Indictment pursuant to Federal Rule of Criminal Procedure 7(d).

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and records on file, and such further evidence and argument as may be presented at the hearing.

DATED: February 6, 2026                    Respectfully submitted,

                                           */s/ Craig A. Harbaugh*
                                           CRAIG A. HARBAUGH

                                           */s/ Peter Johnson*
                                           PETER JOHNSON
                                           Attorneys for Eugene Henley, Jr.

2

**Table of Contents**

I.    INTRODUCTION ..................................................................................1

II.   LAW ......................................................................................................1

III.  ARGUMENT ........................................................................................2

   A.    The Alias "Anybody Killa" is Inherently Prejudicial and Irrelevant........2

   B.    Photograph of Mr. Henley at Page 8, ¶ 11(c)............................................2

IV.   CONCLUSION......................................................................................3

**Table of Authorities**

**CASES**

*United States v. Laurienti*, 611 F.3d 530 (9th Cir. 2010)..........................................................1

*United States v. Terrigno*, 838 F.2d 371 (9th Cir. 1988) ..........................................................2

**STATUTES**

Fed. R. Crim. P. 7 .................................................................................................................1

<u>**MEMORANDUM**</u>

## I.    INTRODUCTION

The Indictment in this case reads less like a neutral statement of charges and more like a sensationalized press release. While the government is entitled to allege facts necessary to prove the elements of the charged offenses, it is not permitted to lade the Indictment with inflammatory nicknames and photos that serve no evidentiary purpose. Under Federal Rule of Criminal Procedure 7(d), this Court has the authority to strike such "surplusage" to ensure that the Defendant is tried on the facts, not on a character assassination drafted by the prosecution.

Specifically, Mr. Henley moves to strike: (1) the inflammatory alias "Anybody Killa"; and (2) an unnecessary photograph of Mr. Henley in the Indictment. The alias terms and photograph are irrelevant to the charges, unnecessary for identification, and serve no purpose other than to inflame the passions of the jury and erode the presumption of innocence. Their presence converts the indictment into a narrative instrument of the prosecution rather than a neutral charging document.

## II.    LAW

Federal Rule of Criminal Procedure 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment." The purpose of the rule is to protect the defendant against "immaterial or irrelevant allegations in an indictment which may, however, be prejudicial." *United States v. Laurienti*, 611 F.3d 530, 546-47 (9th Cir. 2010); *see also*, *United States v. Hedgepeth*, 434 F.3d 609 (2006). Allegations should be stricken if they are not relevant to the charges and are

1

"inflammatory and prejudicial." *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988).

## III.    ARGUMENT

### A. The Alias "Anybody Killa" is Inherently Prejudicial and Irrelevant.

The Indictment repeatedly refers to Mr. Henley by the alias "Anybody Killa." This moniker is the definition of prejudicial surplusage. It suggests a propensity for indiscriminate violence—a "bad character" trait that is inadmissible under FRE 404(b). The government does not need this alias to identify Mr. Henley, as he is already identified by his legal name and several other neutral nicknames. Including "Anybody Killa" serves only to signal to the jury that Mr. Henley is a person of violent disposition, regardless of the evidence.

### B. Photograph of Mr. Henley at Page 8, ¶ 11(c)

The Indictment includes a photograph of Mr. Henley on page 8, paragraph 11 (c), depicting him unsmiling and serious –faced. The placement is awkward, unnecessary, and inflammatory. It has no connection to any specific overt act, to identify (which is not disputed), or to any element of any charge. Its only function is to predispose the jury to view Mr. Henley as a threatening or hardened individual- precisely the type of unfair prejudice Rule 7(d) is designed to prevent.

//
//
//
//
//
//

2

## IV.    CONCLUSION

For the foregoing reasons, Mr. Henley respectfully requests the Court to strike the above-described prejudicial surplusage from the Indictment pursuant to Federal Rule of Criminal Procedure 7(d).

DATED: February 6, 2026                    Respectfully submitted,

                                                            */s/ Craig A. Harbaugh*
                                                             CRAIG A. HARBAUGH

                                                            */s/ Peter Johnson*
                                                             PETER JOHNSON
                                                             Attorneys for Eugene Henley, Jr.

The undersigned, counsel of record for Mr. Henley, certifies that this brief contains 900 words, which complies with the word limit of L.R. 11-6.1.

DATED: February 6, 2026                    Respectfully submitted,

                                                            */s/ Craig A. Harbaugh*
                                                             CRAIG A. HARBAUGH

                                                            */s/ Peter Johnson*
                                                             PETER JOHNSON
                                                             Attorneys for Eugene Henley, Jr.

3