Craig A. Harbaugh (Cal Bar No. 194309)
Harbaugh Law, P.C.
360 E. 2nd Street, Suite 800
Los Angeles, California 90012
Telephone: (213) 986-8656
Email: craig@harbaugh.law

Peter Johnson (Cal Bar No. 252542)
Peter Johnson Law, P.C.
407 N. Pacific Coast Hwy, 651
Redondo Beach, California 90277
Telephone: (310) 295-1785
Facsimile: (213) 319-2907
Email: peter@peterjohnsonlaw.com

Attorneys for Defendant
Eugene Henley

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:25-cr-00211-FLA-1 |
| Plaintiff, | **DEFENDANT EUGENE HENLEY'S NOTICE OF MOTION AND MOTION TO DISMISS COUNTS 2 AND 3 FOR LACK OF FEDERAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| EUGENE HENLEY | |
| Defendant | **Hearing Date: Friday, March 13** <br> **Time: 1:30 p.m.** <br> **Location: Courtroom 6B, 6th Floor** <br> **The Honorable Fernando L. Aenlle-Rocha** |

TO THE UNITED STATES AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on March 13, 2026, at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6B, 6th Floor of the above-entitled Court, located at 350 W 1st Street, Los Angeles, CA 90012-4565, Defendant Eugene Henley, Jr., by and through his counsel of record, Craig A. Harbaugh and Peter Johnson, will and hereby does move the Court pursuant to Federal Rule of Criminal Procedure 12(b)(2) to dismiss Counts 2 and 3 of the Indictment. These counts charge violations of the Hobbs Act, 18 U.S.C. § 1951(a).

This motion is based on the ground that the alleged conduct—a robbery of an unlicensed, intrastate marijuana dispensary—lacks the requisite nexus to interstate commerce to support federal jurisdiction. While undersigned counsel acknowledges that current Ninth Circuit and Supreme Court precedent, specifically *Taylor v. United States*, 579 U.S. 301 (2016), and *United States v. Woodberry*, 987 F.3d 1231 (9th Cir. 2021), currently hold otherwise, this motion is filed to preserve Mr. Henley's right to appeal these issues and to challenge the continued expansion of federal jurisdiction over purely local, non-economic criminal activity.

Pursuant to Local Rule 7-3, undersigned counsel hereby certifies that the parties have met and conferred in a good faith effort to resolve the issues raised by this motion. Specifically, the parties engaged in meet and confer discussions on February d February 4, 2026. Despite these efforts, the parties were unable to reach a resolution of the issues without Court intervention.

//
//
//
//
//
//

2

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and records on file, and such further evidence and argument as may be presented at the hearing.

DATED: February 6, 2026                    Respectfully submitted,

                                                    */s/ Craig A. Harbaugh*
                                                     CRAIG A. HARBAUGH

                                                    */s/ Peter Johnson*
                                                     PETER JOHNSON
                                                     Attorneys for Eugene Henley, Jr.

3

**Table of Contents**

I.    INTRODUCTION ..............................................................................................1

II.   LAW ................................................................................................................1

III.  ARGUMENT ....................................................................................................1

   A.    The Robbery of an Unlicensed, Intrastate Dispensary Lacks a Federal Nexus. ...............................................................................................................1

   B.    Preservation of the Issue for Appellate Review. .......................................2

IV.   CONCLUSION ..................................................................................................3

## Table of Authorities

**CASES**

*Taylor v. United States*, 579 U.S. 301 (2016) ...............................................................2

*United States v. Lopez*, 514 U.S. 549 (1995) ........................................................ 1, 3

*United States v. Morrison*, 529 U.S. 598 (2000) ..........................................................3

*United States v. Rodriguez*, 360 F.3d 949 (9th Cir. 2004) ...........................................1

*United States v. Woodberry*, 987 F.3d 1231 (2021) .....................................................2

**STATUTES**

18 U.S.C. § 1951 ...........................................................................................................1

## MEMORANDUM

## I.    INTRODUCTION

Counts 2 and 3 of the Indictment arise from a July 5, 2021, robbery of an unlicensed marijuana dispensary in Los Angeles. The government alleges that this robbery "affected interstate commerce" solely because it involved the theft of marijuana and cash proceeds from a drug-related business. However, the dispensary in question was an unlicensed, purely local operation. The alleged robbery involved local participants, local proceeds, and a local victim. Under a proper reading of the Commerce Clause, such conduct is a matter for state, not federal, prosecution.

## II.    LAW

The Hobbs Act requires that the government prove the Mr. Henley's conduct "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce." 18 U.S.C. § 1951(a). While the Ninth Circuit has historically applied a *de minimis* standard, requiring only a "probable" or "potential" impact on commerce, *United States v. Rodriguez*, 360 F.3d 949, 954 (9th Cir. 2004), the Supreme Court has cautioned that federal jurisdiction must have limits to avoid infringing upon the general police powers of the States. *United States v. Lopez*, 514 U.S. 549 (1995).

## III.    ARGUMENT

### A. The Robbery of an Unlicensed, Intrastate Dispensary Lacks a Federal Nexus.

The government's theory of jurisdiction rests on the categorical assumption that all drug-related robberies affect interstate commerce. In *Taylor v. United States*, 579

1

U.S. 301 (2016), the Supreme Court held that the government satisfies the commerce element by showing the defendant robbed a drug dealer of drugs or proceeds, because the market for illegal drugs is "commerce over which the United States has jurisdiction."

Mr. Henley respectfully submits that *Taylor* was wrongly decided or, at minimum, should not be extended to the facts of this case. The robbery of an unlicensed dispensary that does not participate in the lawful interstate market, does not use out-of-state suppliers, and does not move goods across state lines is a purely local crime. To allow federal jurisdiction here is to convert every local theft into a federal case, effectively creating a general federal police power that the Constitution does not authorize.

**B. Preservation of the Issue for Appellate Review.**

Mr. Henley acknowledges that the Ninth Circuit in *United States v. Woodberry*, 987 F.3d 1231 (2021), extended Taylor to state-licensed marijuana dispensaries, finding "no meaningful difference" between licensed dispensaries and the drug dealers in *Taylor*.

Mr. Henley files this motion to preserve his right to challenge these precedents. The unlicensed status of the target business here highlights the attenuation of the federal interest. Unlike a licensed business that might interact with interstate banking or regulatory systems, an unlicensed dispensary is a shadow operation with even less connection to the national economy. Mr. Henley intends to argue on appeal that the *de*

*minimis* standard, as applied to these facts, violates the principles of federalism articulated in *Lopez* and *United States v. Morrison*, 529 U.S. 598 (2000).

## IV.    CONCLUSION

Because the alleged robbery was a purely local event involving an unlicensed intrastate business, federal jurisdiction is lacking. While current case law is unfavorable, Mr. Henley moves for dismissal to preserve his constitutional challenges for further review.

.

DATED: February 6, 2026                    Respectfully submitted,

                                           */s/ Craig A. Harbaugh*
                                           CRAIG A. HARBAUGH

                                           */s/ Peter Johnson*
                                           PETER JOHNSON
                                           Attorneys for Eugene Henley, Jr.

The undersigned, counsel of record for Mr. Henley, certifies that this brief contains 1,137 words, which complies with the word limit of L.R. 11-6.1.

DATED: February 6, 2026                    Respectfully submitted,

                                           */s/ Craig A. Harbaugh*
                                           CRAIG A. HARBAUGH

                                           */s/ Peter Johnson*
                                           PETER JOHNSON
                                           Attorneys for Eugene Henley, Jr.