TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
KEVIN J. BUTLER (Cal. Bar No. 329129)
Chief, Major Crimes Section
JENA A. MACCABE (Cal. Bar No. 316637)
Deputy Chief, Major Crimes Section
Assistant United States Attorneys
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-6495/5046
Facsimile: (213) 894-0141
E-mail: kevin.butler2@usdoj.gov
jena.maccabe@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EUGENE HENLEY, JR., et al.,<br><br>Defendants. | No. CR 25-211-FLA-1<br><br><u>GOVERNMENT'S RESPONSE TO DEFENDANT EUGENE HENLEY, JR.'S *EX PARTE* APPLICATION TO CONTINUE HEARING ON MOTIONS TO SUPPRESS WIRETAP EVIDENCE (DKT. 449)</u><br><br>Hearing Date: October 6, 2026<br>Hearing Time: 1:30 p.m.<br>Location: Courtroom of the Hon. Hernán D. Vera |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Kevin J. Butler and Jena A. MacCabe, hereby responds to defendant Eugene Henley, Jr.'s *Ex Parte* Application to Continue Hearing on Motions to Suppress Wiretap Evidence. (Dkt. 449.) The government does not oppose moving the October 6, 2026 hearing. It opposes the length of

the continuance requested, and asks the Court to reset the hearing for November 5, 2026, at 1:30 p.m., or the Court's next available date that month.

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument the Court may request.

Dated: October 5, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

/s/
KEVIN J. BUTLER
JENA A. MACCABE
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Eugene Henley, Jr.'s ("defendant") new counsel believe they need time to digest the voluminous filings and wiretap arguments before this Court's hearing. The government agrees. It is a reasonable request, and the government agreed to a continuance before the application was filed. It does not oppose moving the October 6 hearing. (Brown Decl. ¶ 5, Dkt. 449.) The only question is how long.

Defendant asks for December 3, 2026 -- fifty-eight days out, and ten weeks before a February 16, 2027 trial in a multi-defendant racketeering case. That trial has been moved multiple times over defendant's objection -- and the government's. There are at least 11 attorneys who have cleared their schedule for that date, as has the Court, as have the near 50 government witnesses.

To that end, nothing about this hearing need be built from scratch. The motions were filed, joined, supplemented, and opposed months ago, under a briefing schedule this Court set. (Dkts. 372, 390.) Briefing is closed. While it takes time to read that record, counsel need not create a new one. One month is enough time to review.

And two months is not neutral. A December 3 argument would likely result in a ruling near the holidays, after motions have closed, and weeks before the February 3 pretrial conference. (Dkts. 360, 390, 424.) Every trial-preparation task (including whether or not many counts or potentially defendants would even proceed to trial at all) in this case waits on that ruling.

The Court should continue the hearing to November 5, 2026.

## II. RELEVANT PROCEDURAL HISTORY

### A. June 22 to July 6, 2026

Judge Aenlle-Rocha recused from the five wiretap suppression motions, Docket Nos. 174, 189, 194, 195, and 258, and the motions were referred to this Court by random draw. (Dkts. 359, 361, 364, 365.) The same day as the recusal, Judge Aenlle-Rocha set this case's pretrial motions calendar to run through December 9, 2026. (Dkt. 360.) Trial is set for February 16, 2027, with the pretrial conference on February 3, 2027. (Dkts. 360, 424.)

### B. July 15 to August 20, 2026

This Court set a supplemental briefing schedule: defense briefs due August 6 and government response due August 20. (Dkt. 372.) On August 3, the Court set the motions for argument on October 6, 2026, and stated that any Franks hearing would be held the same day. (Dkt. 390.) The supplemental briefs and the government's responses were filed on that schedule. (Dkts. 393, 419.)

### C. September 17 to 25, 2026

Judge Aenlle-Rocha relieved defendant's prior counsel and, on September 25, appointed Charles C. Brown and Andrea L. Luem. (Dkts. 436-440, 447.)

### D. October 2, 2026

The government proposed a call with new counsel to discuss scheduling, and Mr. Brown agreed. Ms. Luem then advised that counsel did not yet have the discovery and would not be prepared to discuss dates. The government offered to provide the Title III materials to new counsel directly, in a clean set, and otherwise to facilitate their review. The government further advised that while the discovery was voluminous, nearly 50% related to massive 2703(d) non-

content returns that appear irrelevant to trial or the investigation. Mr. Brown responded that the defense would apply to move the hearing "a few weeks." The application filed later that day requests two months. (Dkt. 449.)

The application states that "[t]he government has no objection to this application." (Dkt. 449 at 2.) And that is true insofar as it seeks a continuance, but the government does object to the length.

## III. ARGUMENT

### A. The Government Does Not Oppose Moving the October 6 Hearing

New counsel were appointed eleven days before the hearing. The government does not ask the Court to hold them to that date, and it has offered to help them prepare for the next one.

### B. One Month Gives New Counsel the Time the Application Says They Need

Defendant invokes the factors that govern a continuance: the movant's diligence, whether the continuance would serve a useful purpose, the inconvenience to the court and the opposing party, and the prejudice from denial. (Dkt. 449 at 4 (citing United States v. Flynt, 756 F.2d 1352, 1358-59 (9th Cir. 1985)).) The government does not question new counsel's diligence whatsoever. Instead, the question is usefulness as the application describes a task that fits within one month, not the two requested. And the inconvenience to the parties and the Courts should resolution be continually delayed.

As to usefulness, the task is reviewing the extant filings. Counsel declare that they have not yet reviewed "the Title III applications, affidavits, orders, and intercept materials that the motions challenge." (Brown Decl. ¶ 3.) That record is finite, and the briefs already point counsel to the parts of it in dispute. To

the degree the government can assist in pointing defense to specific questions or discovery, it is glad to do so. But four weeks is enough time to read that set, given the current time issues.

**C. A December Hearing Puts the February Trial Date at Risk**

Counsel declare that December 3 "does not affect the February 16, 2027 trial date." (Brown Decl. ¶ 4.) The government accepts that representation. But the calendar makes it hard to guarantee. A December 3 argument may be followed by further submissions, and a written ruling -- during the holidays, after Judge Aenlle-Rocha's pretrial motion hearings calendar closes on December 9 (Dkt. 360), and within weeks of the February 3 pretrial conference (Dkt. 424). Motions in limine, exhibit lists, witness preparation all turn on whether the intercepts are to be presented at trial.

Moreover, defendant has been detained since March 2025. (Dkt. 449 at 3.) The Second Superseding Indictment charges him with soliciting violence against a cooperating witness from custody. (Dkt. 377, Counts 47-50.) Each month the trial date stays uncertain is another month those witnesses wait. And the October 6 setting is not defendant's alone; co-defendants' motions and joinders are calendared with his.

A November 5 hearing leaves room for a ruling and orderly pretrial work before February 16. A December 3 hearing likely does not.

**D. The Parties Should Learn Now, Not in January, Whether the Trial Date Will Hold**

The trial date belongs to Judge Aenlle-Rocha's court, and the government does not ask this Court to address it. But if new counsel will seek to move trial, the Court, the co-defendants, and the

witnesses are better served by learning that in November than in January.

## IV. CONCLUSION

The Court should continue the hearing on the motions to suppress wiretap evidence to November 5, 2026, at 1:30 p.m., or to the Court's next available date that month.